IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02705-RM-MJW

MALLEY HEIGHTS LLC, a California limited liability company and citizen of California,
BEHNAM RAFALIAN, an individual and citizen of California,
KHACHIK TOOMIANS, an individual and citizen of California,

Plaintiffs,

v.

STANDARD INSURANCE COMPANY, an Oregon corporation and citizen of Oregon,
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a Massachusetts stock insurance company and citizen of Massachusetts,
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts stock insurance company and citizen of Massachusetts,
LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts stock insurance company and citizen of Massachusetts, and
PEERLESS INSURANCE COMPANY, a New Hampshire corporation and citizen of Massachusetts,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendants' Motion to Stay Discovery (Docket No. 43) is GRANTED for the following reasons. It is further ORDERED that the Scheduling Conference set for April 1, 2015, at 1:30 p.m. is VACATED, to be re-set at a future date if necessary.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. See String Cheese Incident, LLC v. Stylus Shows, Inc., 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North Am. Co., 299 U.S. 248, 254–55 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  Id.

A stay of all discovery is generally disfavored.  Bustos v. United States, 257 F.R.D. 617, 623 (D. Colo. 2009).  However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010).  Thus, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved.  See, e.g., Siegert v. Gilley, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (same).  Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."  Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla. 2003).  See also Vivid Techs., Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  See String Cheese Incident, 2006 WL 894955, at *2.

Here, the Defendants seek to stay all discovery pending resolution of their Motion to Dismiss (docket no. 34).  Therein, the Defendants argue that, due to the *Rooker-Feldman* doctrine, the court lacks subject-matter jurisdiction as to all of Plaintiffs' claims.

Weighing these factors, it is clear to the court that a stay is warranted.  Defendants' argument that the court lacks subject-matter jurisdiction is not frivolous and, indeed, seems to have a good deal of merit.  Without prejudging the motion to dismiss (which has also been referred to this division of the court by Judge Moore), the court concludes that a brief stay of discovery pending the outcome of the jurisdictional ruling makes eminent sense.

Date: March 30, 2015